JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants W.H., Jr., et al.[1] (" appellants") appeal the journal entry issued by the Juvenile Division of the Cuyahoga County Common Pleas Court on December 2, 2003. For the reasons that follow, we affirm.
 {¶ 2} On September 11, 1995, the Cuyahoga County Support Enforcement Agency ("C.S.E.A.") filed a complaint against W.H., Jr. seeking reimbursement for child support of his minor children D.H. and J.H. The matter was assigned Case No. 9572201. The court determined that the children resided with the mother; that the father was receiving unemployment compensation and ordered W.H. to pay a specified amount of child support. In 1996, the court temporarily reduced the amount of W.H.'s support obligation by half when he provided notice that his son resided with him. The amount of child support was again modified by the magistrate in a formal decision entered on December 10, 1996, taking into consideration W.H.'s then gainful employment. On August 29, 1997, the court found that W.H. owed child support arrears and modified his support obligations accordingly.
 {¶ 3} On August 21, 2003, appellants filed a motion to set aside child support order of C.S.E.A. and motion to modify child support and proceedings in Case No. 9606506.[2] Appellants attached an August 11, 2003 child support order from C.S.E.A issued under Case No. 9572201. Apparently, Case No. 9606506 is a delinquency case involving one of the minor children, which is reflected in Exhibit 5 to the aforementioned motion. The magistrate denied appellants' motion because there is no existing child support obligation under the juvenile delinquency Case No. 9606506 to set aside or modify. The court overruled the objections to the magistrate's decision and approved and adopted the same as written.[3]
 {¶ 4} Appellants assign the following errors for our review:
 {¶ 5} "I. The Court of Common Pleas (Juvenile Court Division) erred in rendering a judgment without granting defendant-appellant a hearing.
 {¶ 6} "II. The court erred in rendering judgment against [D.H.], the defendant/appellant's present wife.
 {¶ 7} "III. The court erred in rendering judgment against defendant/appellant for child support before there was a divorce."
 {¶ 8} There is no appellee's brief in this appeal. We have reviewed the entire file. The magistrate and the court denied the appellants' motion to modify child support on the technicality that the motion was initially filed in the delinquency case rather than the support case. Although we must affirm at this point, appellant may simply re-file the motion with the trial court under the proper case number where the trial court can properly review the issues raised by appellant at a full evidentiary hearing on this matter.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas Juvenile Court Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Karpinski, J., concur.
[1] The parties are referred to herein by their initials or title in accordance with this Court's established policy.
[2] The magistrate's decision inadvertently added the number "one" to the case number as follows: 96106506. This misnumbering continued in the court's journal entry and the appellants' notice of appeal. In addition, appellants added the child support case number on the notice of appeal, although appellants never filed a motion under that case number. We consider this a clerical error and refer to the delinquency case by its proper case number, 9606506, herein.
[3] We note that on October 29, 2003, C.S.E.A. mailed its "mistake of fact findings/determination" following an administrative hearing that was held at W.H.'s request under Case No. 9572201. The findings included the fact of W.H.'s obligation for $1,776.14 in child support arrears. W.H. was given seven days from the date of mailing to file a written motion with the court for a hearing on the determination. This determination post-dates the motion that forms the basis of this appeal and was not included within appellants' notice of appeal. It further suggests that this appeal may have been rendered moot by subsequent proceedings under the proper case number. However, we must address the appeal on the record that is before us.