JOURNAL ENTRY AND OPINION
{¶ 1} This is the second appeal in appellant's ongoing struggle to correct the administrative findings and journal entries issued in Juvenile Court case numbers 9606506 and 9572201. For the reasons set forth below, we are unable to review this case, and have no choice but to dismiss appellant's appeal.
 {¶ 2} Appellant was divorced from the mother of his children in 1996. Prior to that date, however, the Cuyahoga County Support Enforcement Agency ("C.E.S.A.") filed a complaint against him seeking reimbursement for child support of his minor children in case number 95723201.
 {¶ 3} Appellant subsequently had custody of his children, who are now in their early twenties, during most of the time between the divorce and the children reaching the age of majority, and several modifications of support were made. Appellant's son, however, was involved in a delinquency action before the juvenile court, under which case number (9606506) appellant received custody of the child. Since that time, the Juvenile Court has been unable or unwilling to address appellant's repeated motions for modification and to determine arrears, albeit under both case numbers, and there seems to be substantial confusion in the trial court about how to proceed in this matter.
 {¶ 4} Appellant's last motion to set aside the child support order of C.E.S.A. and motion to modify child support was dealt with by this court in In the Matter of D.H., et al. (July 15, 2004), Cuyahoga App. No. 83996, 2004-Ohio-3734. There, the decision of the trial court was affirmed because it was determined that appellant had filed that motion pursuant to the wrong case number.
 {¶ 5} In the instant case, however, appellant appears to have filed the appropriate motion under the correct case number, however, the record presented is devoid of any reviewable order. The magistrate's decision to which appellant refers does not appear in the record, nor does appellant attach any such decision to his brief. In fact, appellant's brief is almost entirely out of compliance with App.R. 16 and does not aid our review of this case in any way. Nor can we determine from the record what the support order in question actually was, as the journal entry ratifying the magistrate's purported decision states only that the magistrate's decision is adopted, without specifics. No appellee's brief was filed in this matter.
 {¶ 6} App.R. 10 imposes a duty on the appellant to ensure the transmission of a complete record to the appellant court for review. Loc.App.R. 10 also requires the appellant to "cause timely transmission of the record or seek an extension of time to do so from this court." Any case dismissed under these rules may be reinstated only for good cause shown. Further, we decline to address appellant's assignments of error individually because he fails to identify and argue the assignments pursuant to App.R. 12.
 {¶ 7} Therefore, based on the recently released In theMatter of D.H., supra, App.R. 12 and 16, and because the record in this case is lacking key elements necessary for appellate review, appellant's case must be dismissed. However, as did the panel in the appellant's previous appeal, we note that the appellant may again refile his motion with the trial court, perhaps employing both case numbers on future filings to avoid confusion and to ensure that the trial court can properly review the issues at a full evidentiary hearing on this matter.
Case dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., Concurs; Rocco, J., Dissents with SeparateDissenting Opinion.