{¶ 8} In view of the final order that exists in conjunction with the record before this court, I respectfully disagree with the majority's decision to dismiss this appeal. It seems to me onerous to blame appellant (referred to, as in the majority opinion, in the singular) for his failure to provide a more "complete" record. Instead of dismissing this appeal, judicial economy would better be served by addressing it on its merits with the record the trial court provided.
 {¶ 9} As briefly described in the majority opinion, this is a troubling case. It is troubling not least because the record before this court demonstrates the trial court clearly has failed in its duty to appellant under more than App.R. 10(B).
 {¶ 10} As previously noted by this court, in September 1995 the CSEA filed a complaint against appellant Willie in juvenile court pursuant to R.C. 3119.02, seeking reimbursement of child support for the children; this matter was assigned Case No. 9572201. In the Matter of D.H., Cuyahoga App. No. 83996, 2004-Ohio-3734, *P.2. Appellant eventually was ordered by the trial court to pay a specified amount. Id.
 {¶ 11} Due to his divorce from the children's mother, the trial court modified the amount twice in 1996, once downward when appellant provided notice to the court the son had come to live with him, and again upward when appellant obtained a job. Id.
 {¶ 12} The record reflects in August 2003 the CSEA issued an administrative notice to appellants Willie and "Barbara" Hardy that it would withhold an amount from appellant Willie's paycheck for "$173.34 per month in past-due support." No date from which the past due amount had accumulated was cited. The notice also did not cite any date for when the withholding would commence or when it would cease. Additionally, the record fails to indicate any order of withholding had come from the juvenile court; the notice simply referenced "Order Number J957220100."
 {¶ 13} On August 21, 2003 appellant and his current wife filed a motion in juvenile court to set aside the order; however, they placed upon the motion the wrong case number. Id. The case number they used belonged to a delinquency proceeding against one of the children; on this basis, the motion was denied by journal entry dated "December 2, 2003." Id.
 {¶ 14} In the Matter of W.H., supra, therefore, involved appellants' appeal of the denial of the motion in lower court Case No. "96106506." This court affirmed the decision because it correctly was based upon "the technicality that the motion was initially filed in the delinquency case rather than the support case."
 {¶ 15} Significantly, however, this court noted in footnote 3 of the opinion that: 1) CSEA had issued on "October 29, 2003" in lower court case number "9572201" a "determination" appellant owed "$1,776.14 in child support arrears;" and, 2) the notice to appellant of that determination informed him he had only 7 days to file a request for a hearing on it. Id.
 {¶ 16} Although these events obviously both had occurred before appellant even had a "final order" in Case No. 9606506, this court nevertheless advised appellant to re-file his motion — o set aside the order of August 11, 2003 — in the trial court "under the proper case number where the trial court can properly review the issues raised by appellant (sic) at a full evidentiary hearing on this matter." Id.
 {¶ 17} Naturally, all the deadlines in Case No. 95772201 had been missed during the pendency of App. No. 83996; in the meantime, no one in the trial court knew what to do with that case. In the spring of 2004, it had been assigned to a magistrate to do something with it; the record indicates the magistrate expressed disapproval about this state of affairs.
 {¶ 18} In a letter to the juvenile court judge dated April 2004, he indicated he had received the file in Case No. 95772201 "with no instructions apparently from [the judge's] staff." After a telephone call to said staff, he was directed that he "should make comments to [appellants'] objections filed over 6 months ago." He recommended appellants' motion to set aside the order of August 11, 2003 be denied.
 {¶ 19} As support for this position, the magistrate attached another letter; this letter had been sent to him from the juvenile court's administrative judge in November 2003. The administrative judge indicated appellants (plural) had never "properly invoked the jurisdiction of this Court," because they had not filed their motion in 95772201 — a correct fact which this court later acknowledged. Id.
 {¶ 20} Thus, in Case No. 95772201, a journal entry dated April 21, 2004, the juvenile court judge adopted the magistrate's recommendation: appellant's motion to set aside the order of child support was denied. Pursuant to Civ.R. 53(E)(4)(a), this constituted a final order; the rule does notrequire anything further to be done by the parties. Appellants filed a timely notice of appeal on April 30, 2004.
 {¶ 21} In the Matter of D.H. was released nearly two months later.
 {¶ 22} Appellant, not surprisingly, presents the same issues he did in App. No. 83996 with regard to the August 11, 2003 child support order.
 {¶ 23} As the foregoing recitation demonstrates, this court has been provided enough of a record to address appellant's appeal on its merits. Moreover, dismissal, in my view, is inappropriate on an App.R. 9(A) record that demonstrates appellant has been denied fundamental due process by the procedures followed in Case No. 95772201.
 {¶ 24} The limited record on appeal suggests CSEA did not, as it was statutorily required to do, obtain an order of modification from the trial court. R.C. 3119.63(D); R.C. 3119.65. Rather, it simply notified appellant that his wages would be subject to a withholding order for some unspecified amount of past child support. The court case number, moreover, was disguised as an "Order Number."
 {¶ 25} Appellant apparently obtained counsel to represent him, but counsel has made several mistakes; the record indicates he did not know how to proceed under Chapter 3119. Counsel further failed to file a "signed motion" in what the trial court called "the paternity action" to challenge the modification.
 {¶ 26} The letters demonstrate the trial court was aware of what had occurred. Nevertheless, it did not inform counsel of this mistake. It simply declared in an "inter-office memo" to the magistrate that since no "support order" could exist in the delinquency case against appellant's child, appellant's motion should be denied in both cases.
 {¶ 27} Nowhere did the trial court acknowledge that CSEA might have acted without authority, or that it might have any duty to remind CSEA of the proper procedures to follow, or that appellant might, as a result of its failure to inform him of his mistake, also proceed to file a notice of appeal of the trial court's decision in the "wrong" case.
 {¶ 28} This court, then, in the interim compounded the problem. It addressed the first appeal on its merits, mentioning but not addressing the problems appellant faced, such as CSEA's action in proceeding to an "administrative hearing" without obtaining a court order of modification first, the impact of either appellant's time problems for challenging the order by administrative means, and the continuing jurisdiction retained by the trial court in No. 95772201, i.e., the potential that the other, correct, lower court case was proceeding during the pendency of the appeal from the decision in the "wrong" case. The opinion instead assumed that appellant would receive an oral hearing on his motion to set aside the child support order. The trial court, however, was under no obligation to follow that suggestion, which was untimely made in the "wrong" case!
 {¶ 29} I concede that, in another child support case brought in a different appellate district, the attorney's errors were attributed to the appellant. Abbe v. Borchert (June 13, 2001), Summit App. No. 20409. Nevertheless, I would distinguish this case under the unique circumstances it presents, viz., the CSEA's "notice" was unwarranted without a court order, and appellant appears to have done what he personally could do to challenge the CSEA administrative "notice" of withholding. R.C. 3119.63.
 {¶ 30} Pursuant to App.R. 4(A), a final order was issued in the instant case. Based upon the entire, albeit limited, record on appeal, appellant has been denied due process of law. The majority opinion's disposition of this appeal merely attenuates that state of affairs, since appellant cannot file anything but a motion for relief from judgment from a final order.
 {¶ 31} It seems to me to be more fitting to point out the failings that exist in the record as it stands. Under the circumstances presented by this case, I would reverse the trial court's decision to adopt the magistrate's recommendation, and remand the case for further appropriate proceedings.